**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| MOTION OFFENSE, LLC,<br>Plaintiff<br><br>v.<br><br>DROPBOX, INC.<br>Defendant. | **Civil Action No.: 6:26-cv-744**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Motion Offense, LLC ("Motion Offense" or "Plaintiff"), files this Complaint against Dropbox, Inc. ("Dropbox" or "Defendant") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2. Defendant Dropbox is a Delaware corporation with a physical address at 501 Congress Ave, Austin, TX 78701. Dropbox may be served with process through its registered agent, the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701. Dropbox is registered to do business in the State of Texas and has been since at least October 3, 2013.

3. This Court has personal jurisdiction over Dropbox at least because Dropbox regularly conducts and transacts business, including infringing acts described herein, in this District.

4. Defendant conducts business in Texas, directly or through intermediaries and offer products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Western District of Texas.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, 35 U.S.C. §101, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Dropbox maintains an established place of business in the state of Texas and the Western District of Texas, specifically, including an office at 501 Congress Ave, Austin, TX 78701.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendant conducts substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale one or more cloud-based applications, but not limited to Dropbox Products, stored and/or hosted on one or more servers owned or under the control of Dropbox; (ii) making, using, selling, importing, and/or offering for sale software for smartphones, tablets, and other computing devices (e.g., laptops, desktops, Chromebooks, etc.); or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

**THE PATENTS IN SUIT**

8. On September 30, 2024, Robert Paul Morris filed United States Patent Application

No. 18/902,332 ("the '332 Application"). The '332 Application was duly examined and issued as United States Patent No. 12,418,500 ("the '500 patent") (entitled "Methods, Systems, and Computer Program Products for Processing a Data Object Identification Request in a Communication"), on September 16, 2025.

9. On May 13, 2024, Robert Paul Morris filed United States Patent Application No. 18/663,016 ("the '016 Application"). The '016 Application was duly examined and issued as United States Patent No. 12,513,097 ("the '097 patent") (entitled "Methods, Systems, and Computer Program Products for Processing a Data Object Identification Request in a Communication"), on December 30, 2025.

10. On October 4, 2022, Robert Paul Morris filed United States Patent Application No. 17/938,037 ("the '037 Application"). The '037 Application was duly examined and issued as United States Patent No. 12,028,299 ("the '299 patent") (entitled "Methods, Systems, and Computer Program Products for Processing a Data Object Identification Request in a Communication"), on July 2, 2024.

11. Motion Offense is the owner of the '500, '097, and '299 patents patent and has the full and exclusive right to bring actions and recover past, present, and future damages for Dropbox's infringement of the '500, '097, and '299 patents.

12. The '500 patent is valid and enforceable. A true and correct copy of the '500 patent is attached hereto as Exhibit 1.

13. The '097 patent is valid and enforceable. A true and correct copy of the '097 patent is attached hereto as Exhibit 2.

14. The '299 patent is valid and enforceable. A true and correct copy of the '299 patent is attached hereto as Exhibit 3.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,418,500**

15. The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this Claim for Relief.

16. The ’500 patent describes and claims systems and methods which make data sharing more rapid and efficient by allowing for “processing a data object identification request in communication.” (’500 patent, Ex. 1 at 2:30-31.)

17. Among the specific technologic improvements to devices and methods for making data sharing more rapid and efficient, the ’500 patent describes systems and methods for “receiv[ing] . . . data object information ” *See, e.g.*, ’ 500 patent, Ex. 1 at 25:19-23 and 26:52-60 (“[A] system for processing a data object identification request in a communication includes means for sending, according to a first communications protocol via a network in a communication to a second communications agent in a second execution environment representing a second user, a first message including a data object identification request based on the data object matching criterion, wherein the first message is addressed to the second user.”) Figure 7 of the ’500 patent, reproduced below, illustrates an exemplary data and execution flow for processing a data object identification request in a communication according to an aspect of the subject matter described in the ’500 patent:




FIG. 7

('500 patent, Ex. 1, Fig. 7.)

18. The claims of the '500 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '500 patent recite one or more inventive concepts that are rooted in computerized data sharing technology, and overcome problems specifically arising in the realm of computerized data sharing technologies.

19. The claims of the ’500 patent recite an invention that is not merely the routine or conventional use of data sharing systems and methods. Instead, the invention describes systems and methods which make data sharing more rapid and efficient.

20. The technology claimed in the ’500 patent does not preempt all ways of using data sharing tools nor preempt the use of all data sharing tools, nor preempt any other well-known or prior art technology.

21. Accordingly, each claim of the ’500 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

22. The ’500 patent includes 84 claims. (’500 patent, Ex. 1 at cols. 48-58.)

23. Dropbox has been and continues directly infringing, either literally or under the doctrine of equivalents, at least claim 1 of the ’500 patent by making, using (including without limitation testing, provisioning of services, etc.), selling, importing, and/or offering to sell products and systems, including by way of example, the Dropbox website (https://www.dropbox.com) and servers, and other Dropbox products (together, the “Accused Instrumentalities”). *See* Claim Chart for the ’500 patent, Exhibit 4. As demonstrated by the attached claim chart, each and every element of claim 1 of the ’500 patent is found in the Accused Instrumentalities and Dropbox’s use thereof.

24. Dropbox’s acts of infringement have occurred and continue to occur within this District and elsewhere throughout the United States.

25. Dropbox’s infringement of the asserted claims of the ’500 patent is ongoing.

26. Motion Offense has been harmed by Dropbox’s infringing activities with respect to the ’500 patent.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,513,097**

27. The allegations set forth in the foregoing paragraphs 1 through 26 are incorporated into this Claim for Relief.

28. The '097 patent describes and claims systems and methods which make data sharing more rapid and efficient by allowing for "processing a data object identification request in communication." ('097 patent, Ex. 2 at 2:26-27.)

29. Among the specific technologic improvements to devices and methods for making data sharing more rapid and efficient, the '097 patent describes systems and methods for "receiv[ing] . . . data object information " *See, e.g.*, '097 patent, Ex. 2 at 26:37-41 and 28:3-11 ("[A] system for processing a data object identification request in a communication includes means for sending, according to a first communications protocol via a network in a communication to a second communications agent in a second execution environment representing a second user, a first message including a data object identification request based on the data object matching criterion, wherein the first message is addressed to the second user.") Figure 7 of the '097 patent, reproduced below, illustrates an exemplary data and execution flow for processing a data object identification request in a communication according to an aspect of the subject matter described in the '097 patent:




FIG. 7

('097 patent, Ex. 2, Fig. 7.)

30. The claims of the '097 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '097 patent recite one or more inventive concepts that are rooted in computerized data sharing technology, and overcome problems specifically arising in the realm of computerized data sharing technologies.

31. The claims of the ’097 patent recite an invention that is not merely the routine or conventional use of data sharing systems and methods. Instead, the invention describes systems and methods which make data sharing more rapid and efficient.

32. The technology claimed in the ’097 patent does not preempt all ways of using data sharing tools nor preempt the use of all data sharing tools, nor preempt any other well-known or prior art technology.

33. Accordingly, each claim of the ’097 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

34. The ’097 patent includes 75 claims. (’097 patent, Ex. 2 at cols. 49-60.)

35. Dropbox has been and continues directly infringing, either literally or under the doctrine of equivalents, at least claim 1 of the ’097 patent by making, using (including without limitation testing, provisioning of services, etc.), selling, importing, and/or offering to sell products and systems, including by way of example, the Dropbox website (https://www.dropbox.com) and servers, and other Dropbox products (together, the “Accused Instrumentalities”). *See* Claim Chart for the ’097 patent, Exhibit 5. As demonstrated by the attached claim chart, each and every element of claim 1 of the ’097 patent is found in the Accused Instrumentalities and Dropbox’s use thereof.

36. Dropbox’s acts of infringement have occurred and continue to occur within this District and elsewhere throughout the United States.

37. Dropbox’s infringement of the asserted claims of the ’097 patent is ongoing.

38. Motion Offense has been harmed by Dropbox’s infringing activities with respect to the ’097 patent.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,028,299**

39. The allegations set forth in the foregoing paragraphs 1 through 38 are incorporated into this Claim for Relief.

40. The ’299 patent describes and claims systems and methods which make data sharing more rapid and efficient by allowing for “processing a data object identification request in communication.” (’299 patent, Ex. 3 at 2:21-23.)

41. Among the specific technologic improvements to devices and methods for making data sharing more rapid and efficient, the ’299 patent describes systems and methods for “receiv[ing] . . . data object information ” *See, e.g.*, ’299 patent, Ex. 3 at 27:57-62 and 28:3-11 (“[A] system for processing a data object identification request in a communication includes means for sending, according to a first communications protocol via a network in a communication to a second communications agent in a second execution environment representing a second user, a first message including a data object identification request based on the data object matching criterion, wherein the first message is addressed to the second user.”) Figure 7 of the ’299 patent, reproduced below, illustrates an exemplary data and execution flow for processing a data object identification request in a communication according to an aspect of the subject matter described in the ’299 patent:




FIG. 7

('299 patent, Ex. 3, Fig. 7.)

42. The claims of the '299 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '299 patent recite one or more inventive concepts that are rooted in computerized data sharing technology, and overcome problems specifically arising in the realm of computerized data sharing technologies.

43. The claims of the '299 patent recite an invention that is not merely the routine or conventional use of data sharing systems and methods. Instead, the invention describes systems and methods which make data sharing more rapid and efficient.

44. The technology claimed in the '299 patent does not preempt all ways of using data sharing tools nor preempt the use of all data sharing tools, nor preempt any other well-known or prior art technology.

45. Accordingly, each claim of the '299 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

46. The '299 patent includes 35 claims. ('299 patent, Ex. 3 at cols. 49-55.)

47. Dropbox has been and continues directly infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '299 patent by making, using (including without limitation testing, provisioning of services, etc.), selling, importing, and/or offering to sell products and systems, including by way of example, the Dropbox website (https://www.dropbox.com) and servers, and other Dropbox products (together, the "Accused Instrumentalities"). *See* Claim Chart for the '299 patent, Exhibit 6. As demonstrated by the attached claim chart, each and every element of claim 1 of the '299 patent is found in the Accused Instrumentalities and Dropbox's use thereof.

48. Dropbox's acts of infringement have occurred and continue to occur within this District and elsewhere throughout the United States.

49. Dropbox's infringement of the asserted claims of the '299 patent is ongoing.

50. Motion Offense has been harmed by Dropbox's infringing activities with respect to the '299 patent.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '500, '097, and '299 patents;

B. An award to Plaintiff of damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendant's infringement, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award to Plaintiff of enhanced damages and reasonable attorneys' fees as appropriate against Defendant to Motion Offense as provided by 35 U.S.C. §§ 284 and 285;

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 25, 2026

*<u>/s/ Timothy Devlin</u>*
Timothy Devlin
Derek Dahlgren (*pro hac vice* to be filed)
Srikant Cheruvu (*pro hac vice* to be filed)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
scheruvu@devlinlawfirm.com

*Attorneys for Plaintiff Motion Offense, LLC*